UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIENNE MITCHELL,

    Plaintiff,

v.                                                      Case No.:  8:23-cv-2141-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Adrienne Mitchell seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on January 28, 2021, alleging disability beginning on January 1, 2009 . (Tr. 70, 206-207). Plaintiff later amended the alleged onset date to January 28, 2021. (Tr. 11, 51). The application was denied initially and on reconsideration. (Tr. 70, 95). Plaintiff

requested a hearing, and on January 11, 2023, a hearing was held before Administrative Law Melissa McIntosh ("ALJ"). (Tr. 48-69). On February 9, 2023, the ALJ entered a decision finding Plaintiff not under a disability from January 1, 2009, through the date of the decision. (Tr. 11-25). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on June 25, 2023. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on September 22, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 26).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2021, the amended alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: "rheumatoid arthritis; degenerative disc disease with herniation, lumbar spinal stenosis, and thoracic spondylosis; bilateral carpal tunnel syndrome; migraines; anxiety; and depression." (Tr. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant is limited to: frequent balancing; occasional stooping, kneeling, crouching, crawling, and climbing of ramps or stairs; and never climbing ladders, ropes, or scaffolds. The claimant can frequently handle with the bilateral upper extremities. The claimant must avoid concentrated exposure to extreme cold, noise, vibration, atmospheric conditions, and workplace hazards. The claimant can understand, remember, and carry out simple instructions. In doing so, the claimant can maintain attention, concentration, and pace for two-hour increments in an eight-hour workday. The claimant can have frequent interaction with supervisors, coworkers, and the public.

(Tr. 17-18).

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a Salesperson – cosmetics and toiletries. (Tr. 23). At step five, the ALJ found that considering Plaintiff's age (42 years old on the alleged onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)   Office helper, DOT[1] 239.567-010, light, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

  (2) Apparel stock checker, DOT 299.667-014, light, SVP 2

  (3) Price marker, DOT 209.587-034, light, SVP 2

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2009,[2] through the date of the decision. (Tr. 25).

## II. Analysis

On appeal, Plaintiff challenges the ALJ's RFC assessment, hypothetical to the vocational expert, and reliance on the vocational expert's testimony in finding Plaintiff capable of performing jobs in the national economy. (Doc. 28, p. 4-6). Plaintiff argues that a State agency medical consultant, Paul Sporn, M.D., found Plaintiff would be limited to frequent fingering, and while the ALJ found his opinion "highly persuasive," the ALJ failed to adopt a limitation to frequent fingering in the RFC assessment and in the hypothetical to the vocational expert. (Doc. 28, p. 4-6).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously

---

[2] The ALJ used the original alleged onset date rather than the amended alleged onset date. Using the original alleged onset date does not affect the issue raised or the analysis.

probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

Plaintiff is correct. In the RFC assessment, the ALJ limited Plaintiff to, among other things, frequently handling with the bilateral upper extremities, but included no limitations as to fingering. (Tr. 17). Dr. Sporn's opinion included a limitation to frequent fingering with both hands, but no limitation as to handling. (Tr. 77). The ALJ found Dr. Sporn's opinion "highly persuasive," but failed to explain why he did not adopt Dr. Sporn's fingering limitation. (Tr. 21-22).

At step five, the ALJ asked the vocational expert to assume a hypothetical that included, among other things, a limitation to frequent handling, but no limitation for fingering. (Tr. 67). Based on this hypothetical, the vocational expert testified that a person with these limitations could perform the jobs of office helper, apparel stock checker, and price marker. (Tr. 67-68). The ALJ adopted the vocational expert's testimony in the decision. (T. 24). Arguably, by not including a limitation to frequent fingering or explaining why he did not adopt Dr. Sporn's findings, the ALJ erred in the RFC assessment, the hypothetical to the vocational expert, and relying on the vocational expert's testimony because it may not have constituted substantial

evidence on which the ALJ may rely. *See Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012).

Even though the ALJ may have erred, the Court must also consider whether any error was harmless. It is. Courts have applied the harmless error rule to social security cases and "will not remand for further findings where doing so would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)). As the Commissioner asserted, even assuming the ALJ erred in failing to include a limitation to frequent fingering, the error is harmless because none of the listed jobs require more than frequent fingering. (Doc 32, p. 5-7). Indeed, the jobs of office helper, apparel stock checker, and price marker require no more than frequent fingering. *See* Office Helper, DOT 239.567-010, 1991 WL 672232; Apparel Stock Checker, DOT 299.667-014, 1991 WL 672642; Price Marker, DOT 209.587-034, 1991 WL 671802. Plus, Plaintiff made no argument that an essential function of any of these jobs included more than frequent fingering. *See Jones*, 492 F. App'x 70, 73 (11th Cir. 2012). Therefore, even if the ALJ erred in failing to include a limitation for frequent fingering in the RFC and in the hypothetical posed to the vocational expert, any error was harmless because it did not affect the outcome of the case. Substantial evidence supports the ALJ's decision.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 11, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties